UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Trustees of the Sheet Metal Local #10 Control
Board Trust Fund,

        Plaintiffs,

vs.

Suburban Air Conditioning Company,

        Defendant.

_____

Case No. 09-CV-01030 (JNE/JSM)

**REPORT AND RECOMMENDATION**

This matter came before the undersigned on September 1, 2009 upon the Plaintiffs' Motion for Entry of Judgment [Docket No. 8]. Michael Elbridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of plaintiffs. No appearance was made and no response was filed on behalf of defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

**FINDINGS OF FACT**

1.    Plaintiffs filed the Summons and Complaint in this matter on May 4, 2009.

2.    Defendant was personally served with the Summons and Complaint in this matter on May 4, 2009.

3.    Defendant failed to file and serve a response or Answer to the Summons and Complaint.

4.    The Clerk entered default on May 28, 2009.

5.    Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust

1

Fund ("Fund"). The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

6. The Fund is also a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits for employees pursuant to the terms of various Collective Bargaining Agreements.

7. On March 27, 1998, Defendant Suburban Air Conditioning Company ("Suburban Air Conditioning") applied for membership in the Twin Cities Division of the Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA").

8. SMARCA's Board of Directors approved Suburban Air Conditioning's membership in SMARCA on May 20, 1998.

9. SMARCA's Articles of Incorporation provide that members of SMARCA delegate to SMARCA the authority to negotiate labor agreements with the Sheet Metal Workers Local No. 10.

10. SMARCA and Sheet Metal Local No. 10 negotiated a Collective Bargaining Agreement with a term of May 1, 2005 through April 30, 2008 ("Collective Bargaining Agreement") to which Suburban Air Conditioning agreed to be bound by virtue of its membership in SMARCA.

11. SMARCA and Sheet Metal Workers Local No. 10 have not yet ratified a new Collective Bargaining Agreement to the Collective Bargaining Agreement expiring on April 30, 2008 is still in effect.

12. The Collective Bargaining Agreement requires Suburban Air Conditioning to submit contributions to pension, health and welfare, vacation, industry and training

funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked employees covered by the Collective Bargaining Agreement.

13. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

14. The Collective Bargaining Agreement and Trust Agreement require Suburban Air Conditioning to set forth the amount due and owing for contributions on a report form to be submitted to the Fund with Suburban Air Conditioning's monthly payment.

15. The Collective Bargaining Agreement and the Trust Agreement also require Suburban Air Conditioning to submit the report and payment to the Fund by the tenth day of the following month for which the contributions are due. Any employer whose report and contributions are not received by the Fund within five days after the tenth, or the first working day thereafter, is deemed delinquent.

16. Suburban Air Conditioning breached the terms of the Collective Bargaining Agreement and Trust Agreement by failing to timely submit the reports and contributions for the period March through May, 2009.

17. Pursuant to the reports untimely submitted by Suburban Air Conditioning for the period March through May, 2009, $13,291.73 is due and owing for delinquent contributions.

18. The Collective Bargaining Agreement and the Trust Agreement further state that delinquent employers are subject to a liquidated damages assessment equal

to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

19. Liquidated damages of $2,658.35 are due and owing for the period March through May, 2009.

20. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Fund in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

21. The Fund incurred attorneys' fees and costs totaling $1,341.36 in pursuing this delinquency. The attorneys' fees and costs incurred by the Fund are reasonable under the circumstances and were limited to performing those services necessary for the prosecution of the Fund's claims.

22. The total amount due and owing for delinquent fringe benefit contributions, liquidated damages, and attorneys' fees and costs for the period March through May, 2009 is $17,291.44.

23. Service of this motion for entry of judgment by first class mail was made upon defendant and Chad McKenney, lawyer for defendant.[1] [Docket No. 13].

## CONCLUSIONS OF LAW

1. Plaintiffs' claim for damages claim is predicated upon Section 502(g)(2) of

---

[1] Mr. McKenney made no appearance in this case.

ERISA which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce § 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of-
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

    2. Suburban Air Conditioning is in default and the Fund is entitled to entry of a Money Judgment.

    3. Pursuant to 29 U.S.C. § 1132(g)(2), Suburban Air Conditioning owes the Fund $13,291.73 for delinquent fringe benefit contributions for the period March through May, 2009.

    4. Pursuant to 29 U.S.C. § 1132(g)(2), Suburban Air Conditioning owes the Fund $2,658.35 for liquidated damages for the period March through May, 2009.

    5. Pursuant to 29 U.S.C. § 1132(g)(2), Suburban Air Conditioning owes the

Fund $1,341.36 for attorneys' fees and costs.

6. Pursuant to 29 U.S.C. § 1132(g)(2), Suburban Air Conditioning owes the Fund the total amount of $17,291.44.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED:**

1. That Plaintiffs' Motion for Entry of a Default Money Judgment be granted.

2. That judgment, in the amount of $17,291.44 be entered against Defendant and in favor of Plaintiffs.

3. Upon adoption of this Recommendation, the Court issue an Order for Entry of Judgment.


September 1, 2009                                   BY THE COURT:


*s/ Janie S. Mayeron*
The Honorable Janie S. Mayeron
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **September 18, 2009** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.